IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 1:00-cr-00035-SJD |
| Plaintiff | : | Judge Dlott |
| **Vs.** | : | |
| JAMES REED | : | |
| Defendant | : | |

### DEFENDANT'S MOTION TO REDUCE SENTENCE, PURSUANT TO 18 U.S.C. § 3582(c)(2),

Pursuant to 18 U.S.C. § 3582 (c)(2), Defendant James Reed, through undersigned counsel, hereby moves this Court for an Order for a two level reduction reducing his sentence based on the retroactive application of the November 1, 2007 crack amendment.

Respectfully submitted,

s/ADAM B. BLEILE
Adam B. Bleile, (0071210)
The Citadel
114 East 8th Street
Cincinnati, Ohio 45202
Phone: 513-564-0088
Fax: 513-621-2525

Attorney for Defendant
James Reed

1

**MEMORANDUM**

On November 1, 2007, the Sentencing Commission promulgated Guideline Amendment 706 reducing the offense levels for crack offenses to two levels. On December 11, 2007, the United States Sentencing Commission authorized the retroactive application of Guideline Amendment 706 to all defendants who met certain eligibility criteria and who were still serving a sentence that was computed by the crack guideline predicated on the 100:1 powder to crack cocaine ratio. The impact of the new guideline, if it applies, will be the reduction of the person's base offense level by two levels.

However, it is important to note that even the blind application of the new amendment yields sentences for crack offenses between two and five times longer than sentences for equal amounts of powder cocaine. Kimbrough v. United States, 128 S.Ct. 558, 569 (2007). Moreover, the Commission characterized its November 1st crack amendment as a "partial remedy" for the problems created by the 100:1 ratio and it challenged Congress to study the issue in depth and consider additional action. Id. Consequently, after Kimbrough, this Court is free to treat the 100:1 ratio as advisory in arriving at a sentence that is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate.

In order to be eligible for the retroactive application of the new guideline, the person must satisfy the following criteria: (1) his/her base offense level had to be more than 12; (2) his/her base offense level could not be more than 43; (3) his/her base offense level could not be computed using more than 4,500 grams of crack; (4) the person could be neither a "career offender" nor an "armed career criminal;" and (5) the person's

original sentence was greater than any applicable statutory mandatory minimum punishment, unless the person received relief from the mandatory minimum due to the application of the safety valve or a motion for downward departure due to his/her "substantial assistance" under U.S.C. § 3553(e).

The Defendant herein meets all standards set forth in the guideline. A retro application is thus a proper remedy.

For the reasons articulated herein, Mr. Reed respectfully requests that this Court reduce his sentence and apply the newest version of the sentencing guidelines.

Respectfully submitted,

s/ADAM B. BLEILE
Adam B. Bleile, (0071210)
The Citadel
114 East 8th Street
Cincinnati, Ohio 45202
Phone: 513-564-0088
Fax: 513-621-2525

Attorney for Defendant
James Reed

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the Motion to Reduce Sentence Pursuant to § 3582(c)(2) In A Disputed Case was served electronically upon the Assistant US Atty., Office of the United States Attorney, 221 East Fourth Street, Suite 400, Cincinnati, Ohio 45202 this _____ day of _____, 2008.

s/ADAM B. BLEILE
Adam B. Bleile, (0071210)